NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JODY ALIFF; et al.,<br><br>        Plaintiffs-Appellees,<br><br>  v.<br><br>VERVENT, INC., FKA First Associates<br>Loan Servicing, LLC; et al.,<br><br>        Defendants-Appellants,<br><br> and<br><br>DEUTSCHE BANK TRUST COMPANY<br>AMERICAS,<br><br>        Defendant. | No.   20-56121<br><br>D.C. No.<br>3:20-cv-00697-DMS-AHG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Argued and Submitted November 19, 2021
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BOUGH,** District
Judge.

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

In this putative class action, a group of for-profit college students who took out student loans ("Students") are suing their lender, their loan servicer, and a collection of related entities (collectively "Vervent"). They allege that Vervent serviced their loans in a manner than violated various provisions of federal and state law. The district court denied Vervent's motion to compel arbitration. We have jurisdiction over Vervent's appeal under 9 U.S.C. § 16(a)(1)(B) and affirm.

1.      The arbitration clause in the loan agreements lacks "clear and unmistakable evidence" that the Students agreed to arbitrate the issue of arbitrability with Vervent, a non-signatory. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127–28 (9th Cir. 2013); *see also First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). The district court therefore did not err in determining the issue of arbitrability.

2.      The district court did not err in holding that Vervent was not entitled to enforce the arbitration agreement as an agent of the lender, one of the signatories. *See Murphy v. DirecTV, Inc*., 724 F.3d 1218, 1232 (9th Cir. 2013). The servicing agreement between Vervent and the lender gave Vervent agency powers "solely for endorsing and depositing negotiable instruments (checks, money orders, etc.)" received by Vervent from borrowers. For all other purposes, the servicing agreement designated Vervent as an "independent contractor," and entitled it "to determine the manner in which the Services are accomplished." The allegations Students made

2

against Vervent in the complaint did not implicate Vervent's limited agency powers, but rather the manner in which it collected loans.

3.     The district court did not err in holding that Vervent could not enforce the arbitration agreement under the principle of equitable estoppel. Students' claims against Vervent were not "founded in or intertwined with" the loan agreements, nor did the complaint rest upon "interdependent and concerted misconduct" between Vervent and signatories to the loan agreements founded in the agreements' obligations. *See Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 219 (2009) (cleaned up); *see also Murphy*, 724 F.3d at 1231–32.

**AFFIRMED.**[1]

---

[1]     While this appeal was pending, the district court granted Students' motion to file an amended complaint. Because that amended complaint is not before us, we express no opinion as to whether Vervent can compel arbitration of the claims the amended complaint asserts.